# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EUGENE FIGUEROA,**<br>    **Plaintiff,**<br><br>       v.<br><br>**HOMEGOODS, T.J. MAXX, MCSTOME**<br>**AND LINCOLN PLAZA CENTER, L.P.,**<br>    **Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO. 18-1966** |

## MEMORANDUM OPINION

The pressing question in this slip-and-fall case, brought by Plaintiff in state court, but which Defendants removed based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, is whether this Court has jurisdiction. Because the Plaintiff and at least one of the Defendants are citizens of the same state complete diversity does not exist, the Court lacks jurisdiction and the case will be remanded to state court.

A defendant has the right to remove a civil action from state court when the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). The party invoking federal jurisdiction carries the burden of proving subject matter jurisdiction exists. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447; *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n.*, 554 F.2d 1254, 1256 (3d Cir. 1977) ("When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits."). Where, as here, removal is predicated on diversity of citizenship, "a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of

diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006).

Here, there is not complete diversity between the parties because Plaintiff and one of the Defendants—Lincoln Plaza Center, L.P. ("LPC")—are both citizens of Pennsylvania.[1] Plaintiff resides in Pennsylvania and thus is a citizen of the state. LPC, the owner of the shopping center where the incident took place, is a citizen of Pennsylvania by virtue of the fact that one of its partners is a citizen of Pennsylvania.

Defendants argue, however, that the citizenship of LPC can be disregarded because it was fraudulently joined, or alternatively, is a nominal party.

The complete diversity requirement does not apply if the removing defendant "can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d at 216. "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (internal quotation marks omitted). If, however, "there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* Only if the claims against the non-diverse defendant "c[ould] be deemed wholly insubstantial and frivolous" will joinder be considered fraudulent. *In re Briscoe*, 448 F.3d at 216.

In determining whether the complaint states a colorable cause of action, district courts must "focus on the plaintiff's complaint at the time the petition for removal was filed," "assume as true all factual allegations of the complaint," and "resolve any uncertainties as to the current

---

[1] One other Defendant, McStome, Inc., which previously owned the building, is a Pennsylvania corporation. Because LPC is a proper suit to the party, however, the Court need not address whether McStome Inc. also defeats jurisdiction.

state of controlling substantive law in favor of the plaintiff." *Batoff*, 977 F.2d at 851-52 (internal quotation marks and citations omitted). While the analysis looks much like the analysis a district court would undertake to rule on a motion to dismiss, the Third Circuit has explained that the jurisdictional inquiry is less searching than the "inquiry into the validity of a complaint triggered by a motion to dismiss." *Id.* at 852. Thus, "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Id.*

A district court may "pierce the pleadings," to identify "indicia of fraudulent joinder" only in limited circumstances. *In re Briscoe*, 448 F.3d at 218, 220. In *Briscoe*, the Third Circuit held that a district court may undertake "a limited consideration of reliable evidence" to consider whether statute of limitations precluded joinder of a party. *Id.* at 219-20. "Such a limited look outside the pleadings does not risk crossing the line between a proper threshold jurisdictional inquiry and an improper decision on the merits" because "a statute of limitations defense is not a merits-based defense to the plaintiff's case." *Id.* at 220. Although district courts have read *Briscoe* to permit consideration of "reliable evidence" more broadly, *see, e.g.*, *Bernsten v. Balli Steel, PLC*, 2008 WL 862470, at *3 (E.D. Pa. Mar. 31, 2008), the weight of authority in the District permits the consideration of "reliable evidence" only if "it presents *undisputed* facts that establish with complete certainty that the non-diverse defendant has no liability." *Gaynor v. Marriott Hotel Servs., Inc.*, 2013 WL 4079652, at *5 (E.D. Pa. Aug. 13, 2013) (internal quotation marks omitted and emphasis in original).

Defendants argue that LPC cannot be held liable for Plaintiff's injuries, and therefore joinder is improper. LPC owns the building where the incident occurred and leases the premise to HomeGoods and TJX. Under Pennsylvania law, "landlords out of possession are generally

3

not liable for injuries suffered by third parties on leased property." *Rich v. Kmart Corp.*, 1999 WL 397383, at *2 (E.D. Pa. May 20, 1999) (citing *Dinio v. Goshorn*, 270 A.2d 203, 206 (Pa. 1969)). There are, however, exceptions to this general rule whereby a landowner out of possession may incur liability, including where the lessor has reserved control over a defective portion of the demised premises. *Henzel v. Texaco, Inc.*, 508 A.2d 1200, 1202 (Pa. Super. 1986) (internal citations omitted).

Defendants assert that the complaint does not contain any allegations that could support a finding that, as a landowner out of possession, LPC is liable to Plaintiff. But, the complaint does contain such allegations: Plaintiff alleges that Defendants—including LPC—"owned, occupied, operated, maintained, possessed and controlled the real property with improvements thereon, including all interior walking areas." Assuming the truth of the factual allegations and drawing inferences in favor of the non-removing party, *Batoff*, 977 F.2d at 852, Plaintiff's complaint supports a colorable claim that, as the owner of the shopping center, LPC reserved control over a defective portion of the premises. Indeed, the allegation would likely be sufficient to survive a motion to dismiss under Rule 12(b)(6), which is a "more searching [inquiry] than that permissible when a party makes a claim of fraudulent joinder." *Batoff*, 977 F.2d at 852. Thus, because Plaintiff's complaint contains sufficient allegations to support a colorable claim against LPC, joinder was not fraudulent.[2]

Defendants' reliance on *McNulty v. Auchter Indus. Serv., Inc.*, 2015 WL 7252907 (E.D. Pa. Nov. 17, 2015), for the proposition that removal is appropriate is unpersuasive. There, the

---

[2] Defendants' related argument that "there is no evidence that [LPC] had anything to do with the object that injured the plaintiff" is also unavailing. As noted, the Third Circuit has emphasized that district courts must not "cross[] the line between a proper threshold jurisdictional inquiry" into an "improper decision on the merits." *Id*. at 220. But, that is precisely what Defendants ask the Court to do here. Whether there is sufficient evidence to establish that LPC exercised control over the object that injured Plaintiff is disputed and "goes right to the merits of Plaintiff's claim." *Gaynor*, 2013 WL 4079652, *4. Accordingly, in making the jurisdictional determination, the Court cannot weigh the quantity or quality of evidence supporting Plaintiff's claim that LPC maintained control of the premises.

district court held that a defendant-landlord was fraudulently joined because "there [was] no evidence" that the defendant-landlord "had anything to do" with the defect that caused the plaintiff's injury. *Id.* at *3. But, as the Third Circuit has explained, weighing the evidence supporting a claim is an "improper decision on the merits." *In re Briscoe*, 448 F.3d at 220; *Batoff*, 977 F.2d at 851. Here, the Court must "accept any well-pleaded allegations as true," *In re Briscoe*, 448 F.3d at 219, and, as noted, Plaintiff's complaint alleges a colorable claim against LPC. Nothing more is required to defeat a claim of fraudulent joinder. *See Anderson v. Phil. Suburban Dev. Corp.*, 322 F. Supp.2d 582 (E.D. Pa. 2004) (holding that "there [was] no need to proceed further in the analysis of whether [defendant] could be liable under an exception to the general landlord out of possession rule" because the allegations established the "possibility that the state court will find that plaintiffs stated a cause of action against [defendant]").[3] Defendants have failed to sustain their burden that Plaintiff fraudulently joined LPC to the complaint.

Defendants also argues that LPC's citizenship can be disregarded because it is a nominal party. "The citizens upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980). Thus, the complete diversity requirement does not apply to "nominal or formal parties." *Id.* at 461. "Nominal parties are generally those without a real interest in the litigation," *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991), which are "named to satisfy state pleading rules, or joined only as [the] designated performer of a ministerial act, or otherwise ha[ve] no control of, impact on, or stake in the controversy," *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 92

---

[3] Defendants also cites a handful of other unreported cases that are factually distinct from the case at hand. For example, in *Weaver v. Conrail, Inc.*, 2010 WL 2773382 (E.D. Pa. July 13, 2010), the plaintiff conceded that the defendant did not own or operate the property at the relevant time. *Id.* at *9; *cf. Gaynor*, 2013 WL 4079652, at *5 (noting that district courts may pierce the pleadings where evidence "presents *undisputed* facts that establish with complete certainty that the non-diverse defendant has no liability") (internal quotation marks omitted and emphasis in original). And in *Bernsten*, 2008 WL 862470, the district court did not even address whether an exception to the landlord rule applied. *Id.* at *6. Accordingly, neither *Weaver* nor *Bernsten* support Defendants' argument here.

(2005) (internal citations omitted). Examples include insurance stakeholders, *Miller v. Principal Life Ins. Co.*, 189 F. Supp.2d 254, 256 (E.D. Pa. 2002), and a defunct corporation whose liability has been transferred to a different entity, *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 359 (3d Cir. 2013). Accordingly, a party has a real interest in the litigation so long as "the plaintiff states a cause of action against the party and seeks relief from that party." *Isaac v. Mitchell*, 2008 WL 2890947, at *2 (E.D. Pa. July 25, 2008).

Here, LPC was not "named to satisfy state pleading rules, or joined only as [the] designated performer of a ministerial act, or otherwise ha[s] no control of, impact on, or state in the controversy." *Lincoln Prop. Co.*, 564 U.S. at 92. Rather, LPC has "a real interest in the litigation" because Plaintiff asserts a cause of action against LPC from which it seeks relief. *Isaac*, 2008 WL 2890947, at *2. Thus, LPC is not a nominal or formal party, and its citizenship must be considered in the complete diversity analysis.

The case will be remanded to state court because Defendants have failed to demonstrate that the Court has subject matter jurisdiction to hear this suit.

An appropriate order follows.

**February 25, 2019**                                   **BY THE COURT:**

                                                        **/s/Wendy Beetlestone, J.**

                                                        _____
                                                        **WENDY BEETLESTONE, J.**